# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEGAN SWIGART individually and on behalf of PEARL SWIGART and PYPER SWIGART, minor children; and JOSHUA SWIGART,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DERRICK VAUGHN,<br><br>Defendants. | 8:18CV402<br><br>AMENDED<br>FINAL PROGRESSION ORDER |

This matter comes before the Court on the Joint Motion to Extend Case Progression Deadlines ([Filing No. 30](#)). After review of the parties' motion, the Court finds good cause to grant their requested extensions. Accordingly,

**IT IS ORDERED**:

1) The jury trial of this case remains set to commence before Robert F. Rossiter, Jr., United States District Judge, in Courtroom 4, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at **9:00 a.m.** on **April 13, 2020**, or as soon thereafter as the case may be called, for a duration of five (5) trial days. This case is subject to the prior trial of criminal cases and other civil cases that may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2) The Pretrial Conference remains scheduled before the undersigned magistrate judge on **March 27, 2020**, at **10:00 a.m.**, and will be conducted in chambers. The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to nelson@ned.uscourts.gov in Word format, by **3:00 p.m. on March 20, 2020**.

3) On or before **March 30, 2020**, the parties shall file and email to rossiter@ned.uscourts.gov Word versions of the following: (1) a joint set of proposed instructions that all parties agree may be given to the jury; (2) a joint proposed verdict form; and (3) if necessary, a set of proposed set of jury instructions from each party addressing any issues about which the parties were unable to agree.

4) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **October 29, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **November 12, 2019**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

5) The deadlines to identify expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiffs: **July 9, 2019**
    For the defendants: **September 9, 2019**

6) The deadlines to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiffs: **July 9, 2019**
    For the defendants: **September 9, 2019**
    Plaintiff's rebuttal: **October 8, 2019**

7) The deposition deadline is **November 29, 2019**.

8) The deadline for filing motions to dismiss and motions for summary judgment is **December 31, 2019**.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **December 31, 2019**.

10) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 22nd day of May, 2019.

                  BY THE COURT:

                  s/ Michael D. Nelson
                  United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.