# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEGAN SWIGART, individually and on behalf of PEARL SWIGART and PYPER SWIGART, minor children; and JOSHUA SWIGART, | 8:18CV402 |
| Plaintiffs, | SECOND AMENDED FINAL PROGRESSION ORDER |
| vs. | |
| UNITED STATES OF AMERICA, and DERRICK VAUGHN, | |
| Defendants. | |

This matter comes before the Court on the Second Joint Motion to Extend Case Progression Deadlines (Filing No. 34). After review of the parties' motion, the Court finds good cause to grant their requested extensions. Accordingly,

**IT IS ORDERED**:

1) The jury trial of this case is set to commence before Robert F. Rossiter, Jr., United States District Judge, in Courtroom 4, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at **9:00 a.m.** on **June 8, 2020**, or as soon thereafter as the case may be called, for a duration of five (5) trial days. This case is subject to the prior trial of criminal cases and other civil cases that may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2) The Pretrial Conference is scheduled before the undersigned magistrate judge on **May 29, 2020**, at **1:00 p.m.**, and will be conducted in chambers. The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to nelson@ned.uscourts.gov in Word format, by **3:00 p.m. on May 22, 2020**.

3) On or before **May 22, 2020**, the parties shall file and email to rossiter@ned.uscourts.gov Word versions of the following: (1) a joint set of proposed instructions that all parties agree may be given to the jury; (2) a joint proposed verdict form; and (3) if necessary, a set of proposed set of jury instructions from each party addressing any issues about which the parties were unable to agree.

4) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **December 27, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **January 10, 2020**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

5) The deadlines to identify expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiffs:        **September 6, 2019**
        For the defendants:        **November 8, 2019**

6) The deadlines to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiffs:        **September 6, 2019**
        For the defendants:        **November 8, 2019**
        Plaintiff's rebuttal:        **December 6, 2019**

7) The deposition deadline is **January 28, 2020**.

8) The deadline for filing motions to dismiss and motions for summary judgment is **February 28, 2020**.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **February 28, 2020**.

10) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 16th day of July, 2019.

        BY THE COURT:

        s/ Michael D. Nelson
        United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.